## JOHN REIG ET AL.

*vs.*

## TOWN OF WALLINGFORD ET AL.

Superior Court　　　New Haven County　　　File No. 59485

MEMORANDUM FILED APRIL 7, 1941.

*George Randolph Erskine,* of Stamford, for the Plaintiffs.

*Michael T. Downes,* and *Joseph N. Manfreda,* of Walling-ford, for the Defendants.

BALDWIN, J.   This action concerns the validity of taxes assessed by the named defendant and the defendant Borough of Wallingford, and also any interest any of the other defend-ants as heirs of the estate of Augustus F. Rich, late of Walling-ford, deceased, may claim in the real estate described in the complaint.

All of the defendants, save the Town of Wallingford and the Borough of Wallingford, have failed to appear and they have each been defaulted.

The question for determination is the validity of the lien claimed by the town and the validity of the lien claimed by the borough upon the tax assessed by each on the list of each for the year 1929, since the taxes assessed by each on the lists of each for the years of 1925, 1927, 1928 and 1930 are waived by each of these defendants because the taxes assessed by these defendants for these years were not continued by liens as pro-vided by statute.

The claim of the plaintiffs is that the liens of these defend-ants are not valid because the taxes assessed by each were assessed and liened in the wrong name, having been assessed and liened in the name of A. I. Martin, who owned a life

estate in the property in question, whereas it is claimed the taxes should have been assessed and continued by lien against the estate of Augustus F. Rich, the owner of the fee at the time, and they ask the court to determine the validity of these liens and quiet and settle the title to the property.

It is agreed that Augustus F. Rich owned the property in question at the time of his death on January 13, 1906, and that he left a will which was duly admitted to probate in which will he gave a life use of this property to his widow, Mary A. Rich; that Mary A. Rich, by marriage, became Mary A. Lewis in 1912, and that she, by quitclaim deed, conveyed her life use to A. I. Martin, who continued to own the life use until the death of the life tenant (Mary A. Lewis, formerly Mary A. Rich) on February 19, 1931; that by foreclosure, title became absolute in the Dime Savings Bank of Wallingford in April, 1936, and that the Dime Savings Bank conveyed title to the plaintiffs in February, 1937.

The life estate in Mary A. Rich was a life estate created by will—it is a life estate created by devise. It is not an estate created by contract as is argued in this case. The quitclaim deed by which Mary A. Lewis (formerly Mary A. Rich) conveyed the property to A. I. Martin did not change the character of the estate from a life estate created by devise to a life estate created by contract. The character of the freehold that A. I. Martin acquired by the quitclaim deed was a life estate and that life estate continued to exist as long as the life tenant continued to live. It appears that she died February 19, 1931; the life estate therefore expired on that date.

Section 1132 of the General Statutes, Revision of 1930, and its title, are as follows: "*Tenant for life or years to list property.* When one is entitled to the ultimate enjoyment of money at interest, real or personal estate, and another is entitled to the use of the same as an estate for life or for a term of years by gift or devise and not by contract, such estate shall be set in the list of the party in the immediate possession or use thereof, except when it is specially provided otherwise; and real estate so held shall be charged with the payment of any tax laid upon it, and the community laying such tax, or the tax collector or other authorized officer thereof may collect or secure such tax in any manner provided by law for collection or securing of taxes on real estate; provided, upon the failure

of the life tenant or person in immediate possession or use of such real estate to pay any tax laid upon it, the person or persons entitled to the ultimate enjoyment of such real estate may pay such tax and shall be subrogated to all the rights and remedies of the community laying the same for the collection or securing of such tax."

There is no contention that in the creation of this life estate or in its conveyance any provision was made for the payment of taxes upon this property otherwise than as provided in the statute quoted, nor is there any claim that when the tax was assessed on the list of 1929, A. I. Martin, the owner of the life estate, was not in the immediate possession of the property.

The taxes assessed by the Town of Wallingford and the taxes assessed by the Borough of Wallingford on lists of A. I. Martin for the year of 1929, and continued by each defendant by the filing of their liens, were properly assessed and continued by liens against A. I. Martin, the then owner of the life tenancy, and the real estate is now chargeable with the taxes so secured.

The liens in question are therefore valid and existing incumbrances upon the property. *White vs. Town of Portland,* 67 Conn. 272, 275; *Meriden vs. Maloney,* 74 id. 90, 94; *Montgomery vs. Branford,* 109 id. 388, 391.

In so far as each of the other defendants are concerned, no right, title, claim or interest of any kind whatsoever appears and judgment may enter that the property is free of any right, title, claim or interest of those defendants.